UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CHRIS MARTIN,

                 Plaintiff,

    v.

KITSAP COUNTY SHERIFF'S DEPARTMENT,

                 Defendant.

No. C11-5109 RBL/KLS

**REPORT AND RECOMMENDATION**
**Noted For: July 8, 2011**

This civil rights action has been referred to the undersigned United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4.

It has been more than sixty days since the court's latest mailings to Plaintiff were returned and the court does not have a current address for the Plaintiff. Therefore, the undersigned recommends that the court dismiss this action as Plaintiff appears to have abandoned his case.

**DISCUSSION**

Plaintiff filed his complaint and application to proceed *in forma pauperis* in this matter on February 4, 2011. ECF No. 1. On February 7, 2011, the Clerk sent a letter to Plaintiff advising that Plaintiff's application to proceed *in forma pauperis* is incomplete because Plaintiff failed to provide an updated trust account statement. ECF No. 3. On March 22, 2011, the Court directed Plaintiff to submit an updated trust account statement by April 8, 2011, or show cause

REPORT AND RECOMMENDATION - 1

why his case should not be dismissed. ECF No. 4. That mailing was returned to the Court as undeliverable, marked "Not in Jail," return to sender. ECF No. 5.

Plaintiff has not notified the court of his current address. Local Rule 41(b)(2) states:

> A party proceeding pro se shall keep the court and opposing parties advised as to his current address. If mail directed to a pro-se plaintiff by the clerk is returned by the post office, and if such plaintiff fails to notify the court and opposing parties within sixty days thereafter of his current address, the court may dismiss the action without prejudice for failure to prosecute.

This action has existed more than sixty days without a current address for the Plaintiff. Dismissal without prejudice for failure to prosecute is appropriate. Accordingly, the undersigned recommends **DISMISSAL WITHOUT PREJUDICE** for failure to prosecute pursuant to Local Rule 41(b)(2).

## CONCLUSION

The Court should dismiss this action without prejudice as Plaintiff has left no forwarding address and appears to have abandoned the case.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **July 8, 2011**, as noted in the caption.

DATED this 16th day of June, 2011.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 2